Sucesores de Eduardo Artau, Demandantes y Apelados, *v.* Roig et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de Arecibo en pleito sobre cobro de dinero.

No. 2310—Resuelto en abril 7, 1921.

Nulidad de Sentencias—Jurisdicción—Recurso Adecuado Contra Errores en la Apreciación de Pruebas.—Una sentencia firme dictada por una corte que tenía jurisdicción del caso por la naturaleza de la acción ejercitada no puede ser anulada so pretexto de falta de jurisdicción a causa de errores cometidos por la corte en la apreciación de los hechos y aplicación del derecho. Si la corte comete error al no dar efectos legales a la defensa del demandado de que la acción había sido transada por las partes después de haber sido instada, el recurso adecuado para obtener la revocación por causa de tal error era el de apelación y no una moción sobre nulidad de sentencia por falta de jurisdicción.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. J. J. Ortiz* y *F. R. Flores.*

Abogado de los apelados: *Sr. S. B. Palmer.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Sucesores de Eduardo Artau, sociedad mercantil en comandita, establecida en la ciudad de Utuado, radicó demanda el 16 de febrero de 1917 en la Corte de Distrito de Arecibo contra la Sucesión de Antonio Roig Colomer, compuesta de María Laurentina, Angela Antonia, José Antonio, María Monserrate, María Isolina, Ramona Heriberta, Juan Eduardo, Francisco José, María Georgina y Rosa Agustina Roig Serrano, Pedro Antonio y Antonio Manuel Ruíz Roig y Jorge Roig Cruz, en cobro de $1,437.98, en cuya demanda alega la parte demandante como hechos determinantes de su acción que Antonio Roig Colomer tenía en el Municipio de Utuado una tienda de provisiones para la que abrió una cuenta en el establecimiento comercial de los demandantes, que al fallecimiento de aquél ascendía a la suma de $712.54, habiéndola

continuado después su hijo el demandado Antonio Roig Serrano hasta la suma de $725.44 más tomados en mercancías, dinero y provisiones para la misma tienda, resultando de ambas partidas la suma reclamada en la demanda que no ha sido satisfecha ni en todo ni en parte.

Comparecieron los demandados María Laurentina, Angela Antonia, María Isolina, María Georgina, Rosa Agustina y Juan Eduardo Roig Serrano y Manuel y Pedro Antonio Ruíz Roig y alegaron en su contestación, 19 de diciembre de 1917, que la acción ejercitada estaba transada en virtud de un contrato extrajudicial firmado en primero de noviembre de 1917, pero que si no hubiera sido transada negaban el total montante de la deuda reclamada, pues cuando ocurrió el fallecimiento de su causante Antonio Roig Colomer éste sólo debía a la comercial demandante la suma de $432.01, cantidad que nunca le había sido negada por la sucesión demandada la que siempre había estado dispuesta a pagarla.

Celebrado el juicio la corte dictó sentencia en 28 de febrero de 1919 condenando a los demandados José Antonio, Angela Antonia, María Monserrate, María Isolina, María Laurentina, María Georgina y Rosa Agustina Roig Serrano, a que mancomunada y solidariamente pagaran a la mercantil demandante la suma de $1,157.45 y absolviendo de la demanda a los demandados Ramona Heriberta, Juan Eduardo y Francisco José Roig Serrano, a Pedro Antonio y Manuel Antonio Ruíz Roig y a Jorge Roig Cruz, sin especial condenación de costas, cuya sentencia quedó firme por no haber sido apelada.

Más de un año después, o sea en 20 de mayo de 1920, los demandados radicaron moción a la corte con súplica de que se declarara nula a todos sus efectos legales la sentencia pronunciada y se dejara sin efecto ni valor alguno el embargo trabado a instancia de los demandantes sobre una finca rústica de cincuenta y una cuerdas de terreno para aseguramiento de la efectividad de dicha sentencia, y para sostener

la nulidad pretendida alegan que la corte no tenía jurisdic-
ción para dictarla pues en primero de noviembre de 1917 se
había celebrado entre las partes un contrato de transacción
que puso término al pleito desde la fecha indicada.

La anterior moción fué denegada por resolución de 15 de
julio de 1920 que en la parte atinente dice así:

"En la opinión emitida por la corte al dictar su sentencia, se
dice lo siguiente:

" 'La demandante ha presentado un documento titulado "CON-
TRATO DE TRANSACCION" de fecha 1 de noviembre de 1917, en el cual
consta la admisión suscrita por las demandadas María Monserrate o
Monserrate Roig Serrano, María Isolina o Isolina Roig Serrano,, An-
gela Antonia o Angela Roig Serrano, María Laurentina o Laura Roig
Serrano, Rosa Agustina o Rosa Roig Serrano, y Georgina Roig Se-
rrano, y por su abogado Francisco R. Flores, de que don Antonio
Roig Colomer, falleció en Utuado el 27 de septiembre de 1914, siendo
dichos demandados herederos y teniendo dicho Antonio Roig Colo-
mer, antes de su fallecimiento, contraída con Sucesores de Eduardo
Artau, una cuenta que luego se prolongó por la Sucesión y ascendió
a la suma de $1,157.45.'

"Unido a los autos y marcado 'Demandante No. 1,' se encuentra
original el *contrato de transacción* a que se refiere la corte.  Este do-
cumento sólo aparece firmado por Julio Menchaca, cesionario de Ra-
mona Heriberta Roig Serrano y de Pedro Ruíz Roig, y por Monserrate
Roig, Isolina Roig, Laura Roig, Angela Roig, Rosa Roig y Georgina
Roig y por su abogado Francisco R. Flores, sin que por *ninguna parte
aparezca la firma* de los *demandantes* Sucesores de Eduardo Artau
por lo que *no puede decirse que prestaran su consentimiento,* que
es uno de los requisitos esenciales de todo contrato. 'Dicho docu-
mento fué presentado por los demandantes para probar admisiones
de los demandados y no en forma de transacción, y el juez falló por
el resultado de la prueba practicada, según puede verse de los hechos
que se declaran probados en la opinión. *Se declara sin lugar* la
moción de los demandados comparecientes. *   *   * ''

Esa resolución ha sido apelada para ante esta Corte Su-
prema y alegan los apelantes como motivos del recurso que
la corte incurrió en error: 1°. Al declarar que los deman-

dantes no prestaron su consentimiento en el contrato de transacción por el hecho de no estar firmado por Sucesores de Eduardo Artau; 2°. Al considerar que el documento fué presentado a la corte por los demandantes para probar admisiones de los demandados y no en forma de transacción.

Estimamos innecesario considerar los motivos alegados para sostener la resolución apelada, pues aún en el supuesto de que se hubieran cometido los errores apuntados, la resolución se sostendría por el fundamento esencial de que la moción de nulidad se funda en la falta de jurisdicción de la Corte de Arecibo para dictar la sentencia cuya nulidad se pide, y esa falta de jurisdicción no existe. Dicha corte tenía jurisdicción para conocer del caso por la naturaleza de la acción ejercitada, y no la privaba de tal jurisdicción el hecho de la transacción que invocan los apelantes, los cuales al contestar la demanda la alegaron como materia de defensa y sometieron a la corte la apreciación de la misma. Si la corte cometió error para apreciar sus efectos legales en la forma en que lo hizo, ese error pudo invocarse para solicitar la revocación de la sentencia en grado de apelación, pero no para sostener una moción de nulidad de la misma sentencia, y si los apelantes trataron de acogerse al artículo 140 del Código de Enjuiciamiento Civil para obtener la reparación del agravio sufrido por cualquier otro motivo que no fuera el de falta de jurisdicción de la corte, ni lo hicieron en forma debida ni dentro de los términos legales que señala el mismo artículo.

Por las razones expuestas es de confirmarse la resolución apelada.

*Confirmada la orden apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.